24142

In the Matter of David P. COLE, Respondent.

(449 S.E. (2d) 249)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*David P. Cole, pro se.*

*James J. Herring,* Hilton Head, *Guardian Ad Litem for respondent.*

Submitted July, 19, 1994.

Decided Sept. 6, 1994.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to disbarment pursuant to Paragraph 27 of the Rule on Disciplinary procedure, Rule 413, SCACR. We accept respondent's admission and disbar him.

Respondent was indicted for numerous offenses in federal district court. Following a jury trail, he was found guilty of:

eleven counts of knowingly executing and attempting to execute a scheme to defraud a federally insured financial institution in violation of 18 U.S.C. § 1344(a)(1) and (2); eleven counts of obtaining monetary instruments from a federally insured financial institution by means of false and fraudulent pretenses and representations in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (2); and one count of conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 by conspiring with others to violate 18 U.S.C. §§ 1344(a)(1), 1014, and 1956(a)(1)(B)(i).

Respondent was sentenced to sixty-five months' imprisonment, plus a special assessment of $1,150.00. Further, upon release from prison, respondent must submit to three years of supervised release and must perform two hundred hours of community service.

Respondent has been convicted of serious crimes as defined by Paragraph 2(P) of Rule 413, SCACR. Additionally, he has engaged in conduct that is prejudicial to the administration of justice, that adversely reflects upon his fitness to practice law, and that tends to bring the courts and legal profession into disrepute.

It is therefore ordered that respondent is disbarred from the practice of law in this State. This disbarment shall be retroactive to March 26, 1992, the date on which respondent was temporarily suspended from the practice of law by this Court. In addition to the requirements of Paragraphs 37 and 38, Rule 413, SCACR, no petition for reinstatement shall be accepted until respondent has filed proof that he has made full restitution to all institutions and individuals who have been defrauded as a result of his criminal acts, to include restitution to the Clients' Security Fund for any payment it may make. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Disbarred.